IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA SUE RIGSBEE,<br><br>        Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. CV-F-07-1324 OWW<br>(No. CR-F-05-217 OWW)<br><br>ORDER DENYING PETITIONER'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 AND<br>DIRECTING CLERK OF COURT TO<br>ENTER JUDGMENT FOR<br>RESPONDENT |

On September 5, 2007, Petitioner Roberta Sue Rigsbee, proceeding *in pro per*, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

    A.   <u>Background</u>.

Petitioner was charged in Count One with possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B), and in Count Two with receiving and distributing material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2). Petitioner was

1

1  represented by counsel, Sal Sciandra.

2     Petitioner pleaded guilty pursuant to a written Plea
3  Agreement to Count One.  The Plea Agreement, signed by
4  Petitioner, her attorney, and the Assistant United States
5  Attorney, provided in pertinent part:

> 3. <u>Agreements by the Defendant</u>.
>
> ...
>
> (c) Defendant understands and agrees that she will not be allowed to withdraw her plea should the court fail to follow the sentencing recommendations of the parties.
>
> (d) Defendant knowingly and voluntarily waives her Constitutional and statutory rights to appeal her plea, conviction, and sentence.  This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal her plea, conviction, and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742.  The defendant further agrees not to contest her plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.  But the defendant preserves the right to appeal directly any sentence imposed that is higher than that recommended by the parties under this plea agreement.
>
> (e) The defendant further acknowledges that her plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.
>
> ...
>
> 10. <u>Entire Agreement</u>.
>
> This plea of guilty is freely and voluntarily made and not the result of force or threats

>or of promises apart from those set forth in
>this plea agreement.  There have been no
>representations or promises from anyone as to
>what sentence this Court will impose.

On September 15, 2006, Petitioner was sentenced to 72 months incarceration and 72 months of supervised release.  Petitioner did not file a Notice of Appeal.

**B.  Grounds for Relief.**

Petitioner seeks by this Section 2255 motion to "vacate, set aside, or reduce the sentence length."  Petitioner asserts four grounds for the requested relief:

1.  **Ground One**.  Petitioner asserts that her conviction was obtained by the use of evidence "provided by a person who had no right to it."  As supporting facts, Petitioner contends:

>My husband and I had joint use of our home
>computer.  We each had password protected
>areas.  I expected privacy on my area.  I did
>not give him my passwords or the ability to
>enter my area.  Any information he obtained
>from my side of the computer was a violation
>of my privacy.  He had no right to it and
>therefore was unable to make that evidence
>available to others.

2.  **Ground Two**.  Petitioner asserts that her conviction was obtained "because of violation of the privilege against self-incrimination."  As supporting facts, Petitioner contends:

>I didn't know my husband called the FBI.
>When they came to our home to serve the
>search warrant they separated my husband, my
>son, and me.  When they talked to me they
>told me my family was in danger and I had to
>talk.  They told me if I said the truth
>everything would go better.  They told me if
>I refused to talk that they might arrest my
>husband and son.  I felt pressured.  I
>couldn't let that happen.  So I let my rights

be violated.  If I had known I wouldn't.

3. <u>Ground Three</u>: Petitioner asserts that her conviction was obtained "because I felt pressure to plead guilty to the charges."  As supporting facts, Petitioner contends:

> I felt guilt for the lifestyle I had been leading.  I was guilty of adultry [sic].  I had been excommunicated from my church.  I had a lot of guilt.  I had guilt because I couldn't protect my child.  I felt guilty for wanting to fight the charges or at least get some time reduced.  I didn't want to further shame my family.  So I gave up.  I also felt hampered because I wanted to have my attorney but I had no more money.

4. <u>Ground Four</u>.  Petitioner asserts that she is entitled to relief because of her "inability to receive court ordered sexual offender mental health treatment while incarcerated."  Petitioner contends:

> I arrived at Carswell Nov. 13, 2006.  I have asked for treatment for sexual offenders.  There is none here.  Dr. Hoffman told me the treatment for sexual offenders is offered for men, but not for women.  I will have to wait until my release to get this treatment.  I would to [sic] get this treatment as soon as I can to eliminate any possible future problems.  I do not wish to have this as part of my future.

B. <u>Merits of Motion</u>.

1. <u>Effect of Waiver in Plea Agreement</u>.

A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied sub*

4

*nom. Abarca-Espinoza v. United States*, 508 U.S. 979 (1993). However, the Ninth Circuit holds that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver. *Washington v. Lambert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied,* 547 U.S. 1074 (2006).

Petitioner makes no claim that the voluntariness of the waiver in the Plea Agreement was the result of ineffective assistance of counsel. Petitioner validly waived her right to challenge her plea, conviction and sentence pursuant to Section 2255 on each of the grounds asserted.

      2.  <u>Grounds One and Two</u>.

Even if it is concluded that the waiver in the Plea Agreement does not necessarily bar this Section 2255 motion, Petitioner is not entitled to relief with regard to Grounds One and Two. A criminal defendant who has admitted guilt in a guilty plea may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the plea. *Tollert v. Henderson*, 411 U.S. 258, 276 (1973); *United States v. Kaczynski*, 239 F.3d 1108, 1113-1114 (9th Cir.2001), *cert. denied*, 535 U.S. 1043 (2002).

      2.  <u>Ground Three</u>.

Petitioner is not entitled to relief with regard to Ground Three. As explained in *United States v. Kaczynski*, *supra*, 239 F.3d at 1114:

5

> The general principles are well settled.  To determine voluntariness, we examine the totality of the circumstances ... A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' ... '[A] plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfullfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).' ... In sum, 'a guilty plea is void if it was "induced by promises or threats which deprive it of the character of a voluntary act."'
> ....

In addition to the provisions quoted above, the written Plea Agreement, signed by Petitioner, her counsel and the Assistant United States Attorney, states that Petitioner read the charges against her in the indictment, that the charges, the nature and elements of the crime charged in Count Two, together with possible defenses, had been explained to her by her attorney and that she discussed them with her attorney.  The Plea Agreement specifically describes the elements of the crime charged in Count Two, the respective agreements by Petitioner and the United States, the factual basis for the crime, and the potential sentence that could be imposed.  The Plea Agreement delineates the specific constitutional rights to which Petitioner would be entitled if she went to trial and that would be waived upon entry of a guilty plea.  The Plea Agreement advises that the Court is not a party to the Plea Agreement and is not bound by it in imposing sentence on Petitioner and describes the procedures to

be utilized in determining and imposing sentence.

Petitioner makes no claim that any promises, threats or misrepresentations were made by her attorney or the United States to induce her to enter into the Plea Agreement and to enter the guilty plea pursuant to its terms.  Petitioner makes no claim that she did not understand the terms of the Plea Agreement. Petitioner's claim that she pleaded guilty in order to protect her family from further shame and because she was ashamed of her actions and the consequences of those actions to herself and her family does not establish that her guilty plea was involuntary at the time it was entered.

     3. <u>Ground Four</u>.

Petitioner is not entitled to relief pursuant to Section 2255 with regard to Ground Four.  First, the Court did not, in imposing sentence, order that Petitioner "receive court ordered sexual offender mental health treatment while incarcerated." The Court *recommended* that Petitioner be incarcerated at the facility in Carswell, Texas.

<u>CONCLUSION</u>

For the reasons stated:

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to ENTER JUDGMENT FOR RESPONDENT AND AGAINST PETITIONER.

///

///

1  IT IS SO ORDERED.

2  **Dated:   January 28, 2008**               /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE